[Civ. No. 5665. Fourth Dist. May 1, 1959.]

Estate of W. S. GORMLY, Deceased. ESTHER ESTELLE CORWIN, as Administratrix, etc., Appellant, v. ANNA MAE GORMLY, Respondent.

Baker, Palmer, Wall & Raymond for Appellant.

Siemon & Siemon for Respondent.

STONE, J. pro tem.*—The holographic will of W. S. Gormly was admitted to probate and letters of administration with the will annexed were issued to appellant. The will reads as follows:

"Bakersfield, Calif
Jan. 22-1952

"To Whom it May Consern [sic]:
    This is my Last Will:
I give, bequeath and devise to my Wife, Anna Mae Gormly in complete and perfect ownership, all my rights and property whether real or personal.
    The house on 702 T St. Bakersfield.-And at her death, house to go to Esther Estelle Corwin
Address. 807 Bayview Way-
    Redwood City, California

Witness                         W. S. Gormly
                                702 T St.
Gertrude S. Gore                Bakersfield
Nellie L. Parker                Calif."

The clerk's transcript reflects that the house referred to in the second paragraph of the will was sold during the course of probate proceedings. The sale was necessary because there were not sufficient assets in the estate to pay creditors' claims and the expenses of administration. In fact, the entire residue of the estate consists of $2,110.98 cash. This sum appellant petitioned the probate court to distribute to her as residuary legatee, leaving nothing to the widow. The petition for distribution was predicated upon an interpretation of the will which would devise to the widow a life estate in the real property described in the will, with a remainder over to appellant. The court ordered distribution to the widow of the residue of the estate in the hands of the administratrix, being cash in the sum of $2,110.98.

_____
*Assigned by Chairman of Judicial Council.

The two clauses of devise are in direct conflict. No case has been cited construing or interpreting an ambiguity in a will of this nature. The cases cited by counsel refer to conflicts wherein a testator has made an unequivocal devise by one clause followed by another clause expressing a desire, a wish, a hope or an opinion, but not an outright contradictory devise. Here we have an unequivocal devise to the wife of the house, as well as all other property. Then follows a statement that the house at her death shall go to appellant. All that this court can do is attempt to construe the will according to the testator's intent. (Prob. Code, § 101; *Estate of Clippinger,* 75 Cal.App.2d 426, 429 [171 P.2d 567].) In construing a will and attempting to determine a testator's intent one appellate court, ostensibly relying upon experience for its authority, said: ". . . that each case depends upon its own peculiar facts, and that precedents have comparatively small value." (*Estate of Bjors,* 103 Cal.App.2d 361, 371 [229 P.2d 468].) From the will before us it seems apparent that the testator intended to provide for his widow. In the absence of unusual circumstances that would be a man's natural inclination, and the testator justified the presumption by the first provision of his will. To distribute the only remaining asset of the estate to appellant would be to cut off completely the surviving widow. The probate court interpreted the language of the will to provide a devise or bequest of all of the testator's property to the surviving widow by the first paragraph of the will. The court did not recognize the second clause as qualifying the clear and unambiguous provision of the first clause. Pursuant to such an interpretation of the will the court ordered the $2,110.98 residue of the estate distributed to the surviving widow. We cannot say that the trial court's interpretation of the will is illogical or that it is not in accord with the testator's intent, implied from the provision made for his widow.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.